Paul James Toscano, Bar #3280
PAUL TOSCANO, P.C.
Newhouse Building, #614
10 Exchange Place
Salt Lake City, Utah 84111
Telephone: (801) 359-1313
Facsimile: (801) 359-1370
ptoscano@expresslaw.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH

| In re:<br><br>LARRY CROSBY BRINGHURST and KATHLEN ANN SULLIVAN BRINGHURST<br><br>Debtors | Case No.: 09-31244 RKM<br><br>Chapter: 7 |
|---|---|
| ANTHONY FERNLUND and SECOND PROCESS CORPORATION<br>   Plaintiff<br>vs<br>LARRY CROSBY BRINGHURST<br>   Defendant | ADV. PROC. NO. 10-02087<br><br>ANSWER TO COMPLAINT OF ANTHONY FERNLUND and SECOND PROCESS CORPORATION |

      Defendant Larry Crosby Bringhurst, by and through his counsel of record, hereby files his ANSWER to the numbered paragraphs of the Plaintiff's COMPLAINT as follows:

      1. Denied for lack of knowledge.

      2. Denied for lack of knowledge.

      3. Admitted.

1

4. Denied for lack of knowledge.

5. Denied for lack of knowledge.

6. Denied for lack of knowledge.

7. The Defendant incorporates by reference the prior answers to the allegations of the Complaint as if sully set forth herein.

8. Admitted.

9. Admitted.

10. Denied.

11. Denied for lack of knowledge.

12. Admitted.

13. Admitted.

14. Neither admitted or denied; the document referenced in paragraph 14 of the Plaintiff's Complaint speaks for itself.

15. Neither admitted or denied; the document referenced in paragraph 15 of the Plaintiff's Complaint speaks for itself.

16. Admitted.

17. Denied for lack of knowledge.

18. Denied for lack of knowledge.

19. Denied for lack of knowledge.

20. Denied.

<u>2003</u>

21. Admitted that some numerical quotes from the tax returns referenced in this paragraph of the Plaintiff's Complaint are correct, but otherwise, the allegations of this paragraph are denied.

22. Admitted that some numerical quotes from the tax returns referenced in this paragraph of the Plaintiff's Complaint are correct, but otherwise, the allegations of this paragraph are denied.

23. Denied.

24. Admitted that some numerical quotes from the tax returns referenced in this paragraph of the Plaintiff's Complaint are correct, but otherwise, the allegations of this paragraph are denied.

25. Denied.

<u>2004</u>

26. Admitted that some numerical quotes from the tax returns referenced in this paragraph of the Plaintiff's Complaint are correct, but otherwise, the allegations of this paragraph are denied.

27. Denied.

28. Denied.

29. Admitted that some numerical quotes from the tax returns referenced in this paragraph of the Plaintiff's Complaint are correct, but otherwise, the allegations of this paragraph are denied.

30. Denied.

31. Admitted that some numerical quotes from the tax returns referenced in this paragraph of the Plaintiff's Complaint are correct, but otherwise, the allegations of this paragraph are denied.

32. Denied.

## 2005

33. Admitted that some numerical quotes from the tax returns referenced in this paragraph of the Plaintiff's Complaint are correct, but otherwise, the allegations of this paragraph are denied.

34. Denied.

35. Denied.

36. Admitted that some numerical quotes from the tax returns referenced in this paragraph of the Plaintiff's Complaint are correct, but otherwise, the allegations of this paragraph are denied.

37. Denied.

38. Admitted that some numerical quotes from the tax returns referenced in this paragraph of the Plaintiff's Complaint are correct, but otherwise, the allegations of this paragraph are denied.

39. Denied.

## 2006

40. Admitted that some numerical quotes from the tax returns referenced in this paragraph of the Plaintiff's Complaint are correct, but otherwise, the allegations of this paragraph are denied.

41. Denied.

42. Denied.

43. Admitted that some numerical quotes from the tax returns referenced in this paragraph of the Plaintiff's Complaint are correct, but otherwise, the allegations of this paragraph are denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Admitted as to the first and second sentences of paragraph 49 of the Complaint, but denied as to the last sentence of said paragraph.

50. Admitted as to the first and second sentences of paragraph 50 of the Complaint, but denied as to the last sentence of said paragraph.

51. Admitted as to the first sentence of paragraph 51 of the Complaint, but denied as to the last two sentences of said paragraph.

52. Admitted that the checks were issued, but denied for lack of knowledge as to the remaining allegations of paragraph 52 of the Complaint.

53. Admitted as to the first and second sentences of paragraph 53 of the Complaint, but denied for lack of knowledge as to the third sentence of paragraph 53; and admitted as to the last sentence of said paragraph.

54. Denied.

55. Neither admitted or denied; the organizational document alluded to in paragraph 55 of the Plaintiff's Complaint speaks for itself.

56. Denied for lack of knowledge.

57. Denied.

58. Denied.

59. Denied for lack of knowledge.

60. Denied.

61. Admitted.

62. Denied for lack of knowledge.

63. Denied.

64. Admitted.

65. Admitted

66. Denied.

67. Denied for lack of knowledge.

68. Denied for lack of knowledge.

69. Denied.

70. Denied for lack of knowledge.

71. Denied for lack of knowledge.

72. Denied for lack of knowledge.

73. Denied for lack of knowledge.

74. Denied for lack of knowledge.

75. Denied for lack of knowledge.

76. Neither admitted or denied with respect to the first two sentences of paragraph 76 of the Complaint; the document referenced therein speaks for itself; denied for lack of knowledge as to the balance of the paragraph.

Responses to First Cause of Action

77. The Defendant incorporates by reference the prior answers to the allegations of the Complaint as if sully set forth herein.

78. Denied for lack of knowledge.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied for lack of knowledge.

85. Denied for lack of knowledge.

86. Denied.

Responses to Second Cause of Action

87. The Defendant incorporates by reference the prior answers to the allegations of the Complaint as if sully set forth herein.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

### Responses to Third Cause of Action

94. The Defendant incorporates by reference the prior answers to the allegations of the Complaint as if sully set forth herein.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied for lack of knowledge with respect to the Chase Loan alleged being in default and/or in jeopardy of default, but denied with respect to the balance of the allegation in paragraph 100 of the Complaint.

101. Denied.

### **AFFIRMATIVE DEFENSES**

A. The Complaint fails to state a claim upon which relief may be granted.

B. The Plaintiff has failed to perfect in personal jurisdiction over the Defendants.

C. The process is insufficient.

D. The service of process is insufficient.

E. The Complaint is not predicated on either facts or law that would justify its filing against the Defendants under 11 U.S.C. Section 523(a) as alleged in the Complaint.

F. The claims stated in the Complaint fail for lack of consideration.

G. The claims stated in the Complaint fail as being contrary to the statute of frauds.

H. Plaintiff is estopped from obtaining recovery on the grounds asserted because the Defendants never made cash capital contributions as alleged in the Plaintiff's Complaint.

I. The Complaint fails to allege with specificity an action under 11 U.S.C. 523(a)(2)(A) as required by the Federal Rules of Bankruptcy Procedure ("FRBP"), Rule 7009(b).

J. The filing of this Adversary Proceeding under 11 U.S.C. Section 523(a)(2)(A), under the circumstances of this case, constitutes an abuse of process and malicious prosecution.

K. The filing of this Adversary Proceeding gives rise to a counterclaim for costs and attorneys fees under 11 U.S.C. Section 523(d) in the event the Plaintiff does not prevail on its Complaint.

Defendant reserves the right to bring counterclaims and cross-claims by amendment upon completion of discovery.

**PRAYER FOR RELIEF**

Defendant requests the Court to deny the relief sought for in Plaintiff's Complaint and, if allowed by law, to award costs and fees to the Defendant.

Dated this 24th day of February

_____/S/_____
Paul Toscano, attorney for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 24th day of February 2010 a true and correct copy of the foregoing ANSWER TO COMPLAINT OF ANTHONY FERNLUND and SECOND PROCESS CORPORATION was served upon the following party by U.S. Mail, first class, postage pre-paid:

Jamis M. Gardner
Robinson, Seiler & Anderson< LC
2500 North University Ave.
P.O. Box 1266
Provo, UT 84604

_____/S/_____
Paul Toscano